TEMPLETON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-345-CR

DEMARCUS TEMPLETON APPELLANT

A/K/A KEVIN JOE HILL

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Demarcus Templeton appeals his conviction for aggravated robbery with a deadly weapon.  In one point on appeal, he complains that the prosecutor’s jury argument during the punishment phase was outside the record.  We affirm.

At the conclusion of the punishment phase of trial, the prosecutor made the following argument:

When we’re trying to decide what to do to a person who has committed an offense like this, there are several different things that I think are important.  One is, let’s look at what happened.  Let’s look at the actual crime itself.  Was this the type of thing that was provoked by another person?  Is this a drunken bar fight?  Is this joyriding in a car?  Is this -- did Kyle Gleason do anything to deserve what she got on that night?  We all know the answer is no.  We also know by the evidence that he was not under the influence of anything that night.  No drugs, no alcohol.  He did this himself.  We’ve all heard the adage, if you do the crime, you do the time.  And that’s what we are going to be asking for.  It’s not like he didn’t know that this was an illegal act.  It’s not like this was some minor entry-level offense.  This is about as bad as it gets.  Because what do you have?  You have an innocent person being terrified for her life.  And for what?  Because he wants money.  And for what?  Well, who knows.  Perhaps he needs to go buy himself another sweatshirt.

If you had heard evidence in this case from his family or from some person who has treated him for drug or alcohol abuse it might give you some idea of why something like this could happen.  
We didn’t hear anything like that.
  And that speaks louder than I think anything else.  What do we know about his family?  Well, we know that they are working, that they have jobs, and that they’ve shown charity to other family members by taking them into the home.  Exactly the kind of people that are good people.  All right?  
It speaks volumes that they are not here to say anything on his behalf.  Perhaps they’ve had enough themselves.  

Appellant asserts that the trial court erred by overruling his objections to those portions of the prosecutor’s argument highlighted above, which he claims were outside the record.  

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) plea for law enforcement.  
Alejandro v. State, 
493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  Prosecutors may comment on the defendant’s failure to produce witnesses and evidence so long as the remark does not fault the defendant for exercising his right not to testify.  
Jackson v. State, 
17 S.W.3d 664, 674 (Tex. Crim. App. 2000) (citing 
Patrick v. State, 
906 S.W.2d 481, 491 (Tex. Crim. App. 1995), 
cert. denied, 
517 U.S. 1106 (1996) and 
Livingston v. State, 
739 S.W.2d 311, 338 (Tex. Crim. App. 1987), 
cert. denied, 
487 U.S. 1210 (1988); 
Harris v. State, 
122 S.W.3d 871, 884 (Tex. App.—Fort Worth 2003, pet. ref’d).  

The complained-of argument in this case did not fault appellant for exercising his right not to testify, and the prosecutor’s argument was within a proper category of argument as a reasonable deduction from the evidence.  Therefore, we hold that the prosecutor’s comments about missing evidence and witnesses were reasonable deductions from the evidence.  Accordingly, we overrule appellant’s point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 27, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.